IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LACRETIA FLUELLEN,** *Plaintiff,* v. **CITY OF PHILADELPHIA and DISTRICT COUNCIL 33** *Defendants.* | **CIVIL ACTION** No. 23-1606 |

**Baylson, J.**                                                                                                                               **April 4, 2024**

### MEMORANDUM RE: MOTION TO DISMISS

Plaintiff Lacretia Fluellen brings this action against the City of Philadelphia and District Council 33. Defendants, the City of Philadelphia and District Council 33, move to dismiss all counts against them. For the following reasons, both Motions will be **GRANTED with prejudice**.

### I.       FACTUAL ALLEGATIONS[1]

Plaintiff began working for the City of Philadelphia ("the City") in 2014 as a Clerk at the Free Library of Philadelphia. Second Am. Compl. ¶ 4, ECF 33. In April 2019, Plaintiff began a promotional assignment with the City of Philadelphia Board of Pensions and Retirement ("Board of Pensions"). Id. at ¶ 5. While working at the Board of Pensions, Plaintiff was due to be paid $44,106.00 in salary and was paid only $38,989.00. Id. ¶ 9. Prior to May 2019, Plaintiff presented required paperwork for the Family and Medical Leave Act ("FMLA") to the City, and her FMLA

---

[1] The Second Amended Complaint is the most recent filed pleading accepted by the Court. An amended complaint "supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013). "The most recently filed amended complaint becomes the operative pleading." Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019). Since the Second Amended Complaint did not specifically refer to or adopt the earlier pleading, this Court is only considering the factual allegations in the Second Amended Complaint as it has become the operative pleading.

1

time was approved. Id. at ¶¶11–12. On September 10, 2019, Plaintiff's supervisor told her she was taking too much time off for physical therapy, which was approved FMLA time, and then the supervisor terminated Plaintiff. Id. ¶ 13.

In October 2019, Plaintiff was re-hired by the City and assigned to work at the Free Library of Philadelphia ("Free Library"). Second Am. Compl. at ¶ 14. The Free Library ignored her FMLA restrictions, and she was assigned to work she could not perform. Id. at ¶ 15. Plaintiff was subjected to both verbal and physical harassment and when she complained to her supervisor, the complaints were ignored. Id. at ¶ 16. Plaintiff alleges she was constructively discharged. Id. at ¶ 17. After her constructive discharge, Plaintiff claims that the City and District Council 33 tried to coerce her into accepting another position with the City from the date of her constructive discharge until July 2022. Id. at ¶ 18.

## II.     PROCEDURAL HISTORY

Plaintiff brings this action against Defendants, the City of Philadelphia and District Council 33, alleging interference and retaliation in violation of the Family and Medical Leave Act in Count I. She specifically alleges that the Board of Pensions and Free Library's disregard of her FMLA approved leave, and wrongful discharge from both positions constitute violations. She also asserts that the City and District Council 33 attempted to coerce her to accept another position after her termination with the Free Library. Further, Plaintiff alleges violations of both Pennsylvania statutory and common law in Count II and III.

Defendants moved to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Def. District Council 33's Mem. in Support of Mot. to Dismiss, ECF 34; Def. Philadelphia's Mem. in Support of Mot. to Dismiss, ECF 35.  Additionally, Defendant City of Philadelphia argues

2

Plaintiff's claims are time-barred. Plaintiff filed a Response in Opposition of the Defendants' Motions to Dismiss on March 2, 2024. Plaintiff argues the statute of limitations has not expired and that the last event at issue is "her Unknown Terminations from Departments with the City of Philadelphia in November 2020." Pl.'s Resp. to Defs.' Mot. to Dismiss at 4, ECF 39.

### III.  ANALYSIS

#### A.  Count I - FMLA Claim

In Count I, Plaintiff alleges that Defendants' actions constitute interference and retaliation under the FMLA. The FMLA provides that eligible employees are entitled to 12 workweeks of leave during any 12–month period due to an employee's own serious health condition. 29 U.S.C. § 2612(a)(1). It is unlawful for any employer to "interfere with, restrain, or deny the exercise of or attempt to exercise" rights granted to an employee under the FMLA. 29 U.S.C. § 2615(a)(1). It is also unlawful for any employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2). This Court finds that regardless of whether Plaintiff plausibly stated an FMLA claim for events up to November 1, 2019, her actions are time-barred.

##### 1.  Plaintiff's Central Allegation is Time-Barred

An action under the FMLA must be filed within two years "after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, the FMLA's statute of limitations is extended to three years if the plaintiff alleges that the employer's violation was willful. 29 U.S.C. § 2617(c)(2). Since Plaintiff filed suit on February 16, 2023, the City asserts that, even assuming Plaintiff has stated a claim for a willful violation of the FMLA, any claim based on an alleged adverse employment action taken by the City prior to February 16, 2020 is time-barred. Def. Philadelphia's Mot. to Dismiss at 7.

3

### i.  The "Third Circuit Rule"

In general, the Federal Rules of Civil Procedure require a statute of limitations defense in an answer, not in a motion to dismiss. Fed. R. Civ. P. 8. However, the "Third Circuit Rule" allows a defendant to raise a statute of limitations defense argument in a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir. 2002)). The time bar must be "apparent on the face of the complaint" to afford the basis for a dismissal of the complaint under Rule 12(b)(6). Id.

In the Complaint itself, Plaintiff includes she was underpaid in May of 2019 and that her supervisor commented on her FMLA leave and terminated Plaintiff from the Board of Pensions on September 10, 2019. Second Am. Compl. ¶¶ 9, 13. Given FMLA's 2 or 3-year statute of limitations under 29 U.S.C. § 2617(c), it is "apparent on the face of the complaint" that any cause of action stemming from these events is time-barred. Skolas, 770 F.3d at 249.

### ii.  Integral Documents Exception

This Court now turns to the timing of the last relevant event—Plaintiff's termination. While courts generally only consider allegations contained in the complaint to decide a motion to dismiss, courts may also review documents "integral to or explicitly relied upon in the complaint." Skolas, 770 F.3d at 249 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). "[T]he justification for the integral documents exception is that it is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his complaint." Id. at 250 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426

4

(3d Cir. 1997)). The critical analysis is "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." Id.

In support of the argument that Plaintiff's constructive discharge claim is time-barred, the City attached Plaintiff's resignation letter which was signed by Plaintiff and shows that she resigned from the Free Library on November 1, 2019. Def. Philadelphia's Mot. to Dismiss at 15.[2]

Here, Plaintiff alleges in her Complaint that she was constructively discharged, but she does not include any other supporting allegations of facts. Second Am. Compl. ¶ 17. A claim of constructive discharge has two elements: (1) a plaintiff must prove that he or she was discriminated against by their employer to the point where a reasonable person in their position would have felt compelled to resign and (2) a plaintiff must show that he or she actually resigned. Green v. Brennan, 578 U.S. 547, 555 (2016). An integral element of a constructive discharge claim is that a plaintiff resigned, and Plaintiff does not include any facts about her resignation in the Complaint. Id. The extrinsic document that Defendant attached is Plaintiff's resignation letter from the Free Library, which is undisputedly authentic. Def. Philadelphia's Mot. to Dismiss at 15. Therefore, Defendant's attachment of Plaintiff's resignation letter is an integral document to the Complaint and will be considered at this stage.

In Skolas, the Third Circuit considered whether the plaintiff's claims should have been dismissed on statute of limitations grounds "based only on the documents properly considered at the motion to dismiss stage," which included certain "integral documents." 770 F.3d at 250. Plaintiff's letter of resignation establishes that her constructive discharge of employment was

---

[2] In previous pleadings, Plaintiff included her resignation date as November 1, 2019 and details of her resignation, but she did not include a date or details of her resignation in her Second Amended Complaint. See Second Am. Compl. ¶ 29. "A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The fact that Plaintiff has previously included this resignation date, and does not dispute its authenticity in her response, ensures the authenticity of the resignation letter attached by Defendant.

November 1, 2019. Def. Philaelphia's Mot. to Dismiss at 15. The date of her resignation is important for statute of limitations purposes because it is the last event constituting the alleged violation. See Green, 578 U.S. at 555 (holding that the statute of limitations for constructive discharge claims begins to run only after the employee resigns). Therefore, the date of the last event constituting the alleged violation for which the action is brought is November 1, 2019. This Complaint was not filed until not February 16, 2023.[3] Properly considering the resignation letter, Plaintiff's constructive discharge claim is also time-barred under the FMLA.

### 2. Plaintiff's non Time-Barred Allegations Against the City Are Not Meritorious

The only allegation in the Complaint after November 1, 2019 is that the City and District Council 33 tried to negotiate with and/or "coerce" Plaintiff into accepting a different position with the City from the date of her constructive discharge through July 2022. Second Am. Compl. ¶ 18. For the reasons set forth below, this allegation does not amount to a cause of action under the FMLA, let alone one that would extend the statute of limitations period.

To make a claim of interference, a plaintiff must show: (1) they were an eligible employee under FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of their intention to take FMLA leave; and (5) the plaintiff was denied benefits to which they were entitled to under

---

[3] In Plaintiff's Response, Plaintiff claims the last event at issue is "her Unknown Terminations from Departments with the City of Philadelphia in November 2020, without Notice to Plaintiff." She provided no further details about the "Unknown Terminations." Pl. Resp. at 4. Even if this Court were to consider this additional allegation as part of her Complaint and construe the pleading liberally, the bare phrase "Unknown Terminations from Departments" without more, cannot save her Complaint. This conclusory allegation bears no nexus with the undisputed and well-plead facts—that Plaintiff lost her promotion opportunity in September 2019, and resigned from her remaining post with the City in November 2019. As found in the Complaint itself, after November 2019, the City was allegedly trying to get Plaintiff to come back to work, necessarily because she was no longer employed. The nebulous "Unknown Terminations" phrase does not constitute a well-pled allegation, nor undermine her final termination on November 1, 2019. Green, 578 U.S. at 555. Therefore, this Court must rely on the resignation date in Plaintiff's undisputedly authentic resignation letter in its statute of limitations analysis.

the FMLA. Ross v. Gilhuly, 755 F.3d 185, 191–92 (3d Cir. 2014). "An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." Callison v. City of Philadelphia, 430 F.3d 117, 120 (3d Cir. 2005). Interference includes an employer refusing to authorize FMLA leave or discouraging an employee from using such leave. Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 255–56 (3d Cir. 2014). Here, Plaintiff only alleges that the City tried to coerce her into accepting a different position after her constructive discharge. She does not allege that the City discouraged her from using authorized FMLA leave or that the City refused to authorize FMLA as part of its "coercion." Second Am. Compl. ¶ 18. Therefore, Plaintiff failed to establish a claim of interference against the City.

To establish a prima facie case for a retaliation claim, a plaintiff must show: (1) they invoked their right to FMLA-qualifying leave, (2) they suffered an adverse employment decision, and (3) the adverse action was causally related to their invocation of rights. Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301–02 (3d Cir. 2012). An "adverse employment action is an action that alters the employee's compensation, terms, conditions or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." Budhun, 765 F.3d at 257 (3d Cir. 2014) (internal quotations and citations omitted).

The Third Circuit has not addressed post-employment retaliation claims in the context of the FMLA,[4] but it has evaluated such claims under the Title VII of the Civil Rights Act. Charlton

---

[4] The First Circuit and Eleventh Circuit have found that the term "employee" under the FMLA is ambiguous and afforded deference to the Department of Labor regulation interpreting the FMLA to prohibit an employer from taking FMLA leave into account in hiring decisions. Smith v. BellSouth Telecommunications, Inc., 273 F.3d 1303, 1313–14 (11th Cir. 2001); Duckworth v. Pratt & Whitney, Inc., 152 F.3d 1, 11 (1st Cir. 1998). Both of those cases involved former employees who alleged that their former employers violated the FMLA by refusing to rehire them based on their past use of FMLA leave, which can be distinguished from this case because Plaintiff has not alleged that the City refuses to rehire her because of her FMLA leave and instead alleges that the City is trying to negotiate with her to accept a different position. Second Am. Compl. ¶ 18.

7

v. Paramus Bd. of Educ., 25 F.3d 194, 200 (3d Cir. 1994). Under Title VII, post-employment retaliation occurs if a former employer's actions result in "discharge from a later job, a refusal to hire the plaintiff, or other professional or occupational harm." Id. At least two cases within the Eastern District of Pennsylvania have applied the Third Circuit's Title VII precedent to post-employment retaliation claims under the Fair Labor Standards Act (FLSA) because Title VII and the FLSA share similar language including identical general definitions of "employee." Haplea v. Plumsteadville Pub, LLC, 2023 WL 6118573 at *4–5 (E.D. Pa. Sept. 18, 2023) (Lloret, M.J.); Hayes v. Saltz, Mongeluzzi & Bendesky, P.C., 652 F. Supp. 3d 537, 541–44 (E.D. Pa. 2023) (Robreno, J.). Given that the FMLA has incorporated the definition of employee from the FLSA, these two persuasive cases show that the Third Circuit's Title VII precedent regarding post-employment retaliation may extend to retaliation claims under the FMLA as well. 29 U.S.C. § 2611(3).

However, even if post-employment retaliation claims are permitted under the FMLA, Plaintiff fails to establish a post-employment retaliation claim here. The only post-employment allegation is that the City attempted to negotiate with her to accept a different position after her constructive discharge. Second Am. Compl. ¶ 18. There is no allegation that the City refused to rehire her based on her previous FMLA leave or that the City has harmed her future employment opportunities from a different employer. Further, Plaintiff alleges that the City tried to "coerce" her into accepting a different position, which is no more than a threadbare legal conclusion. Second Am. Compl. ¶ 18. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Here, Plaintiff does not provide any factual support for her allegation of coercion and only alleges broadly that negotiations occurred but does provide any further information about the City's actions after her

constructive discharge. Second Am. Compl. ¶ 18.  Moreover, in her response, Plaintiff failed to address Defendant's arguments or cite to controlling precedent that refutes them. Therefore, Plaintiff failed to establish a claim of retaliation against the City.

### 3. FMLA Claims Against District Council 33 Are Also Not Meritorious

District Council 33 argues that the claim against them should be dismissed because the FMLA authorizes suits by employees only against their employer and not their union. Def. District Council 33's Mot. to Dismiss at 2–3. Under the FMLA, an employer is defined as a person employing 50 or more employees and includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A). The Third Circuit has held that the FMLA's similarity to the Fair Labor Standards Act (FLSA) indicates that "Congress intended for courts to treat the FMLA the same as the FLSA, rather than treating only specific provisions alike." Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 667 F.3d 408, 417 (3d Cir. 2012).

Under the FLSA, the definition of employer expressly states that it "does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). Since the FMLA only authorizes suits against employers and a labor union does not constitute an employer, Plaintiff failed to state a claim under the FMLA against District Council 33. Further, the only allegation in the Second Amended Complaint against District Council 33 is that District Council 33 tried to coerce Plaintiff into accepting a different position, and this action does not establish a FMLA interference or retaliation action, as explained above. Second Am. Compl. ¶ 18.

### B. Count II and III – The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Claims against the City and District Council 33

Given that Plaintiff did not state a cause of action under the FMLA against the City or District Council 33, this leaves Count II and III which state broadly that there were unspecified violations of Pennsylvania law. Under 28 U.S.C. § 1367(c)(3), a district court is permitted to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." This is a discretionary decision that should be based on considerations of "judicial economy, convenience and fairness to the litigants." New Rock Asset Partners v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1505 (3d Cir. 1996) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726–27 (1966)). Considerations of judicial economy weigh in favor of declining to exercise supplemental jurisdiction due to the convoluted and inefficient procedural history in this case.

Moreover, the Third Circuit has explained that when all federal claims are dismissed at an early stage, the district court should decline the exercise of supplemental jurisdiction absent "extraordinary circumstances." City of Pittsburgh Comm'n. on Hum. Rels. v. Key Bank USA, 163 F. App'x 163, 166 (3d Cir. 2006) (citing Tully v. Mott Supermarkets, Inc., 540 F. 2d 187, 195 (3d Cir. 1976)); see also Hedges v. Musco, 204 F.3d 109, 123 (3d Cir.2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (internal quotations and citations omitted) (emphasis in original). Given that this case is at the 12(b)(6) stage and the only federal claim is dismissed, this Court declines to exercise supplemental jurisdiction over Counts II and III.

IV. **CONCLUSION**

After reviewing the extensive procedural history in this case and the current briefing, this Court concludes further amendment of the Complaint would be futile. For the foregoing reasons, both District 33's Motion to Dismiss (ECF 34) and the City of Philadelphia's Motion to Dismiss (ECF 35) are **GRANTED with prejudice**. An appropriate order follows.

O:\CIVIL 23\23-1606 Fluellen v City\23-1606-Memorandum on MTD.docx